UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

PAULA J. CONRAD )
 )
v. ) NO. 2:05-CV-271
 )
JO ANNE B. BARNHARDT, )
Commissioner of Social Security )

**MEMORANDUM OPINION**

The plaintiff Paula J. Conrad has filed a motion for a judgment on the pleadings on her complaint to obtain judicial review of the final decision of the defendant Commissioner of Social Security Jo Anne B. Barnhardt denying her application for supplemental security income under the Social Security Act. The defendant has filed a motion for summary judgment.

Ms. Conrad was born in 1965 and was 39 years old at the time of her administrative hearing. [Tr. 12, 341]. She completed tenth grade and has relevant past work experience as a cashier and retail sales attendant. [Tr. 12, 341]. Ms. Conrad alleges she is disabled as of May 29, 2003, from secondary hypoadrenolism, primary hypothyroidism, and secondary hypogonadism. [Tr. 12]. Based upon a finding that her severe impairments were not severe enough, the Administrative Law

Judge [ALJ] found that Ms. Conrad was not disabled as defined by the Social Security Act. [Tr. 16].

At Ms. Conrad's administrative hearing held on December 2, 2004, the testimony of Ms. Conrad and vocational expert Dr. Norman Hankins was received into evidence. [Tr. 340-62]. Ms. Conrad testified her last job was as a cleaner of ATM terminals. [Tr. 342]. Prior to that, she worked as a cashier and sales clerk at various stores. [*Id*.]. Ms. Conrad testified she does not feel like she can work now because she does not "have the energy" because of her Addison's disease. [Tr. 343]. She described Addison's disease as "a lack of adrenal glands on your kidneys." [*Id*.]. She also experiences migraine headaches, the occasional loss of consciousness, forgetfulness, and a lack of appetite. [Tr. 344, 348-49]. Ms. Conrad's sister and niece take care of her home. [Tr. 354-55].

Vocational expert Dr. Norman Hankins testified next and classified Ms. Conrad's past relevant work as a cashier and as a sales attendant as light and unskilled. [Tr. 359]. The ALJ then asked him to assume a woman of Ms. Conrad's height, weight, education, and work background who was restricted to a residual functional capacity [RFC] for light and medium work activities that did not require repetitive manipulation of her hands. [Tr. 359]. According to the vocational expert, such a person could work as a sales attendant, waitress, hostess, crossing guard, gate

guard, security person, maid, cleaner, kitchen worker, and table cleaner. [Tr. 359-60].

The ALJ ruled that Ms. Conrad was not disabled because her severe impairments of osteoarthritis of her hands and degenerative disc disease of her back were not severe enough to warrant a finding of disability. [Tr. 16]. The ALJ then found she retained the RFC to perform medium work, so long as it did not require repetitive manipulation with her hands. [Tr. 18]. With those limitations, Ms. Conrad could perform work that exists in significant numbers in the national economy. [Tr. 18].

This court must affirm an ALJ's conclusions unless the ALJ applied incorrect legal standards or made findings of fact unsupported by substantial evidence in the record. 42 U.S.C. § 405g. "Substantial evidence" is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). "The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion." *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). Accordingly, this court may not try the case *de novo*, nor resolve conflicts in the evidence, nor decide questions of credibility. *Walters v. Commissioner of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997).

Ms. Conrad requests a judgment on the pleadings and challenges the ALJ's

3

finding that she did not meet a listing impairment, specifically listing section 9.03. Pursuant to that section, a person can be considered disabled from hyperparathyroidism if, *inter alia*, her "generalized decalcification of bone on appropriate medically acceptable imaging study and elevation of plasma calcium to 11 mg. Per deciliter (100 ml.) [mg/dL] or greater" is shown. 20 C.F.R. Part 404, Subpart P, Appendix 1, Section 9.03. The evidence must show that this impairment has lasted or could be expected to last for a continuous period of at least 12 months. 20 C.F.R. 416.925 (a).

Ms. Conrad asserts her recorded plasma levels were above the 11mg/dL requirement for a period of nine months from July 9, 2002, until March 20, 2003. As such, the ALJ could have expected them to remain elevated for a continuous period of at least 12 months, as required by 20 C.F.R. 416.925 (a). However, Ms. Conrad's assertion that her levels remained elevated for nine continuous months is erroneous. According to the medical record, the following results were obtained:

| DATE | PLASMA CALCIUM LEVEL (in mg/dL) |
| --- | --- |
| July 9, 2002 | 11.1 |
| July 17, 2002 | 10.9 |
| August 1, 2002 | 10.5 |
| August 2, 2002 | 10.0 |
| August 4, 2002 | 10.7 |
| August 5, 2002 | 10.1 |

| | | |
|---|---|---|
| August 22, 2002 | | 11.7 |
| October 18, 2002 | | 11.1 |
| November 7, 2002 | 10.2 | |
| March 20, 2003 | | 12.1 |
| March 29, 2003 | | 10.6 |

[Tr. 220, 229, 246, 296-98, 302, 304-05, 307]. This evidence indicates Ms. Conrad's results were 11 mg/dL or higher from July through August 2002, in October 2002, and in March 2003. In no manner can these results be construed to indicate nine months of continuous elevated levels. A finding that Ms. Conrad did not meet listing section 9.03 would be made with substantial evidence given the aforementioned medical documentation.

Ms. Conrad also asks for a remand pursuant to sentence four of 42 USC § 405(g) for further consideration of whether she met the listing section 9.03. However, given this court's agreement with the ALJ on Ms. Conrad's failure to meet the listing requirements, further consideration is not necessary. Therefore, the request for a remand is denied.

After careful consideration of the entire record of proceedings related to this case, Ms. Conrad's motion for a judgment on the pleadings will be denied, her request for a remand will be denied, the defendant's motion for summary judgment will be granted, and this action will be dismissed.

An appropriate order will follow.

5

ENTER:

                                 s/Thomas Gray Hull
                                 THOMAS GRAY HULL
                                   SENIOR U. S. DISTRICT JUDGE

6

Case 2:05-cv-00271   Document 18   Filed 03/31/06   Page 6 of 6   PageID #: 6